UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE T. McLAUGHLIN,            )
                                 )
    Petitioner,                  )  CASE NO. 2:07-cv-00643-RSM-JLW
                                 )
    v.                           )
                                 )
R. SUBIA, Warden,                )  REPORT AND RECOMMENDATION
                                 )
    Respondent.                  )
_____)

I.     INTRODUCTION

Petitioner George McLaughlin is currently incarcerated at the California State Prison in Ione, California. Petitioner pled guilty to one count of possession of an illegal substance in a state prison in Amador County Superior Court on September 15, 2005. He was sentenced to four years of incarceration, to be served consecutive to his then-current prison sentence. Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in which he claims his plea was not knowing and voluntary, the prosecution withheld material evidence, his defense counsel was ineffective, and his conviction was obtained in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (*See* Docket 1 at 5-6.)

Respondent has filed an answer to the petition, together with relevant portions of the state court record, and petitioner has filed a reply to the answer. (*See* Dkts. 22 and 27.) The

briefing is now complete and this matter is ripe for review. The Court, having thoroughly considered the record and both parties' briefs, recommends the Court deny the petition, and dismiss this action with prejudice.

## II. FACTUAL AND PROCEDURAL HISTORY

The prosecutor summarized the facts of this offense during the plea and sentencing hearing as follows:

> On or about April 3rd, 2004, while at Mule Creek State Prison, the defendant's wife was visiting him in the visiting room. At that time, they kissed, and it is believed that she passed one bindle of marijuana to the defendant. He produced a bowel movement. There was one bundle of marijuana found with a weight, total gross weight 2.7 grams

(Dkt. 22, Lodged Document 10 at 5.)

Petitioner was charged with one count of bringing a controlled substance into a state prison and one count of possession of an illegal substance in a state prison, both felonies. (*See id.*, LD 11 at 1-2.) He was charged with both counts while serving time for two prior felony convictions. (*See id.* at 2.) Pursuant to a plea bargain, petitioner pled guilty to the possession charge and admitted one prior "strike" under California's Three Strikes Law. (*See id.*, LD 3 at 1 & LD 10 at 6-7.) The prosecutor also agreed not to prosecute petitioner's wife for her role in the above offense. (*See id.*, LD 3 at 1 & LD 10 at 5.) Petitioner was sentenced at the low end of the sentencing range -- two years, doubled, for a total of four years to be served consecutively to his current sentence. (*See id.*, LD 10 at 3.)

Petitioner filed a petition for writ of habeas corpus in the Amador County Superior Court and the California Court of Appeal and Supreme Court. (*See id.*, LD 1, 2, 6 & 8.) All

three courts denied his claims. (*See id.*, LD 5, 7, and 9.) The trial court provided a reasoned decision for the denial, clearly addressing a portion of petitioner's plea agreement claim and his ineffective assistance of counsel claim. (*See id.*, LD at 5.) The appellate courts denied the petition without comment. (*See id.*, LD 7 & 9.) Respondent admits in the answer that petitioner has properly exhausted all four claims for relief. (*See* Dkt. 22 at 2.)

### III. FEDERAL CLAIMS FOR RELIEF

Petitioner presents the following claims in his petition:

1. Conviction obtained by plea of guilty which was unlawfully induced coerced, and not made voluntary with the understanding of the charge . . . or of the intelligent nature of the charge;

2. Conviction obtained by the unconstitutional [sic] of the prosecution to disclose to the defendant evidence favorable to the defendant;

3. Denial of effective assistance of counsel; and

4. Conviction obtained by violation of defendant['s] right to be free from cruel and unusual punishment.

(Dkt. 1 at 5-6.)

Respondent asserts that the state courts' rejection of petitioner's claims was neither contrary to or an unreasonable application of clearly established federal law and, in the alternative, that petitioner's claims are without merit. (*See* Dkt. 22 at 8-16.)

### IV. STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this petition as it was filed after the enactment of AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Because petitioner is in the custody of the California Department of

REPORT AND RECOMMENDATION - 3

Corrections pursuant to a state court judgment, 28 U.S.C. § 2254 provides the exclusive vehicle for his habeas petition. *See White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Under AEDPA, a habeas petition may not be granted with respect to any claim adjudicated on the merits in state court unless petitioner demonstrates that the highest state court decision rejecting his petition was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2).

As a threshold matter, this Court must ascertain whether relevant federal law was "clearly established" at the time of the state court's decision. To make this determination, the Court may only consider the holdings, as opposed to dicta, of the United States Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000). It is also appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. *See Duhaime v. Ducharme*, 200 F.3d 597, 598 (9th Cir. 1999). In this context, Ninth Circuit precedent remains persuasive but not binding authority. *See Williams*, 529 U.S. at 412-13; *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

The Court must then determine whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the]

Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. At all times, a federal habeas court must keep in mind that it "may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be [objectively] unreasonable." *Id.* at 411.

In each case, the petitioner has the burden of establishing that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254; *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996). To determine whether the petitioner has met this burden, a federal habeas court normally looks to the last reasoned state court decision, which in this case is the Amador County Superior Court decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Medley v. Runnels*, 506 F.3d 857, 862 (9th Cir. 2007). (*See* Dkt. 22, LD 5.)

Finally, AEDPA requires federal courts to give considerable deference to state court decisions, and state courts' factual findings are presumed correct. *See* 28 U.S.C. § 2254(e)(1). Federal courts are also bound by a state's interpretation of its own laws. *See Murtishaw v. Woodford*, 255 F.3d 926, 964 (9th Cir. 2001) (citing *Powell v. Ducharme,* 998 F.2d 710, 713 (9th Cir. 1993)).

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, we must independently review the record to determine whether the

01 state court erred in its application of Supreme Court law. *Delgado v. Lewis,* 223 F.3d 976,
02 982 (9th Cir. 2000). *See also Greene v. Lambert,* 288 F.3d 1081, 1089 (9th Cir. 2002)
03 (holding that when there is an adjudication on the merits but no reason for the decision, the
04 court must review the complete record to determine whether resolution of the case constitutes
05 an unreasonable application of clearly established federal law). Thus, while our review of the
06 record will be conducted independently in this case with regard to two of petitioner's four
07 claims, we continue to show deference to the state court's ultimate decision. *See Pirtle v.*
08 *Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

V. DISCUSSION

A. <u>Unknowing and Involuntary Guilty Plea Claim</u>

Petitioner claims his plea was not made knowingly or voluntarily. (*See* Dkt. 1 at 5.) Specifically, he asserts that he would not have pled guilty if he had known the results of his prior California Department of Corrections ("CDC") disciplinary hearing in which he was found "not guilty" of an illegal drug possession violation while in prison. (*See id.*) In addition, he contends that his plea was involuntary because a CDC Officer continually harassed and threatened him and his family, which forced him to plead guilty in the criminal prosecution. (*See id.*)

Respondent contends petitioner has failed to demonstrate how his plea was unintelligent or involuntary and, thus, fails to show how the decision of the California courts was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts. (*See* Dkt. 22 at 8-10.)

Federal due process requires that a defendant's guilty plea be both knowing and voluntary. *Brady v. United States*, 397 U.S. 742, 747-48 (1970). In general, a defendant's admission in open court is accorded a strong presumption of verity that the defendant's plea was made in accordance with due process. *Id.* Reviewing courts must therefore give great weight to a defendant's in-court declarations, as demonstrated by the plea colloquy transcript, when determining whether a guilty plea was intelligent and voluntary. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.")

A review of the transcript of the plea hearing establishes that petitioner knew the nature of the charge to which he pleaded guilty, knew the constitutional rights he was waiving, and knew the sentence he would receive. (*See* Dkt. 22, LD 10.) Moreover, petitioner read, acknowledged, and signed a comprehensive "Felony Waiver & Plea Form," verifying the same. (*See id.* at 3 & LD 11 at 5-14.) Thus, based on the superior court's record, there is no evidence that petitioner's plea was either unknowing or involuntary.

Petitioner contends, however, that if he had been informed of the results of his prison disciplinary hearing before his criminal proceeding he would not have pled guilty.[1] Nothing

---

[1] Respondent also claims that petitioner was aware of the results of the prior disciplinary proceeding when he entered his guilty plea. (*See* Dkt. 22 at 10.) He does so because petitioner wrote in his federal habeas petition that he "could not understand the charges as he was already adjudged not guilty fourteen months prior." (Dkt. 1 at 5.) This statement is subject to several interpretations and respondent's version is inconsistent with petitioner's state and federal court briefings. I therefore recommend this Court conclude that this statement in petitioner's brief does not compel the conclusion that petitioner was aware of the results of the prison disciplinary hearing when he pled guilty in the state prosecution.

in the record supports this contention. First, petitioner does not claim nor does he present any evidence that he was actually innocent of these charges; and, in fact, one document in the records suggests petitioner admitted to a state investigator that he possessed the marijuana and wanted to plead so that his wife would not be implicated. (*See* Dkt. 27, Exh. L at 2.) Second, petitioner does not claim he was falsely informed that the prison disciplinary hearing found him "guilty." Instead, he simply claims not to have known the results. Third, even if petitioner had known the results of that hearing, there is no reasonable probability that he would have plead "not guilty" and proceeded to trial. Petitioner had two prior felony convictions on his record and was charged with two more. By accepting the plea offer, petitioner only received two strikes (one for possessing illegal drugs in state prison and one for his prior first degree burglary conviction), instead of four, thereby avoiding a life sentence under California's Three Strikes Law. (*See* Dkt. 22, LD 10 at 3, 5 & 7.) He was also sentenced at the low end of the sentencing range, and his wife was not prosecuted. (*See id*.)

Finally, under California law, the prison disciplinary hearing did not carry any legal weight in the subsequent state court proceeding. As the Amador Superior Court explained, prison disciplinary proceedings do not bar subsequent criminal prosecutions. *See People v. O'Daniel*, 194 Cal.App.3d 715, 721 (1987) ("[P]rison disciplinary measures are no bar to a subsequent prosecution for violation of a penal statute prohibiting the same act which was the basis of the prison discipline."). (*See* Dkt. 22, LD at 2.) Because prison disciplinary hearings are held by prison officials, not judicial officers, and designed to allow officers to act quickly when confronted with possible rule violations, they are not legally equivalent to subsequent state prosecutions. *See id.* at 721. Because the outcome of a prison disciplinary hearing has

no binding effect on a subsequent criminal prosecution, petitioner's contention that his criminal prosecution should have been collaterally estopped also fails.  (*See* Dkt. 27 at 10.)

In sum, petitioner is unable to overcome the "formidable" presumption that he entered his plea with full knowledge of the nature and consequences of his decision.  Based upon the record, even if petitioner had known the results of the prison disciplinary hearing, it is unreasonable to think he would have entered a different plea.

The second portion of petitioner's challenge to his guilty plea asserts that his plea was involuntary because it was coerced by a CDC Officer's harassing and threatening behavior. (*See* Dkt. 1 at 5.)  If a plea is actually "induced by promises or threats which deprive it of the nature of a voluntary act" it will be deemed void.  *Machibroda v. United States*, 368 U.S. 487, 493 (1972).  *See also Brady*, 397 U.S. at 750 ("[T]he agents of the state may not produce a plea by actual or threatened physical harm or by mental coercion overbearing the will of the defendant.")  To determine whether a plea was entered voluntarily, this Court must look at the totality of the circumstances.  *See Brady*, 397 U.S. at 749; *Iaea v. Sunn*, 800 F.2d 861, 866-68 (9th Cir. 1986).

In this case, petitioner contends the CDC Officer appeared at his family's home when petitioner's wife was under investigation and threatened petitioner so that he would become a prison informant in another prison drug case.  (*See* Dkt. 27 at 6.)  These allegations, without more, do not rise to the level required to invalidate a guilty plea under *Brady*.  Although the Amador County Superior Court did not address this specific portion of petitioner's claim, after independently examining the record, I recommend this Court find that petitioner fails to show how the CDC Officer's behavior overcame petitioner's will.  (*See* Dkt. 22, LD 5 at 1-2.)

Accordingly, I recommend the Court conclude based upon the totality of the circumstances that petitioner fails to overcome the "formidable" presumption of verity accorded to plea proceedings, that the Amador County Superior Court's decision denying the "collateral estoppel" portion of petitioner's claim was correct, and that the state courts' decision denying petitioner's plea agreement claim was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent under *Brady*. Because petitioner fails to satisfy his burden of showing he is entitled to the issuance of the writ as to this claim, his claim must be denied. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner's burden to show he is in custody in violation of the Constitution).

B. <u>Brady Violation Claim</u>

Petitioner claims that his conviction was unconstitutional because the prosecution failed to disclose favorable evidence that, if shown, would have established his innocence and convinced him not to enter a guilty plea. (*See* Dkt. 1 at 5 and Dkt. 27 at 8-12.) Specifically, petitioner claims he was not told the result of his prison disciplinary hearing. Respondent argues that petitioner presented this claim to the state courts, which denied his claim, and that petitioner fails to show that the decision of the California courts was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts. (*See* Dkt. 22 at 10-12.)

As a general rule, a defendant who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas corpus relief on the basis of pre-plea constitutional violations; he may only attack the voluntary and intelligent character of the plea. *Moran v. Godinez*, 40 F.3d 1567, 1577 (9th Cir. 1994). In this case, however,

petitioner's *Brady* claim challenges his plea, thus the alleged "antecedent constitutional infirmity" should be considered. *See Ortberg v. Moody*, 961 F.2d 135, 137 (9th Cir. 1992) (quoting *Tollett v. Henderson*, 411 U.S. 258, 266 (1973)).

A criminal defendant's due process rights are violated when a prosecutor fails to disclose exculpatory or material evidence to the accused before trial. *Brady*, 373 U.S. at 87. Since *Brady*, the Supreme Court has held that this duty applies even when the accused has not requested such information. *See United States v. Agurs,* 427 U.S. 97, 107 (1976). To determine whether the prosecution committed a *Brady* violation, we must consider whether the suppressed evidence was: (1) favorable to the accused, (2) suppressed by the government, either willfully or inadvertently, and (3) "material to the guilt or innocence of the defendant." *United States v. Jernigan*, 492 F.3d 1050, 1053 (9th Cir. 2007) (*en banc*); *Strickler v. Greene,* 527 U.S. 263, 281-82 (1999). A *Brady* violation is material when "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Brady,* 373 U.S. at 682. *See also Harris v. Vasquez,* 949 F.2d 1497, 1528 (9th Cir. 1990).

Even assuming that the result of the prison disciplinary hearing was withheld by the prosecution, petitioner cannot demonstrate that this information was favorable to him or that it was material. As discussed above, the results of the prison disciplinary hearing had no bearing on the subsequent criminal prosecution. (*See* Dkt. 22, LD 5 at 2.) Moreover, there was no reasonable probability that had such evidence been presented, petitioner would have pled "not guilty." Accordingly, I recommend the Court find that the California courts'

decisions were neither contrary to nor involved an unreasonable application of clearly established federal law, nor were they based upon an unreasonable determination of the facts. Petitioner's claim should therefore be denied.

### C. Ineffective Assistance of Counsel Claim

Petitioner claims his defense counsel was ineffective when she failed to discover the alleged *Brady* material. (*See* Dkt. 1 at 6.) Respondent contends petitioner fails to show that the decision of the California courts denying this claim was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts. (*See* Dkt. 22 at 12-14.)

In order to establish ineffective assistance of counsel, petitioner must demonstrate that counsel's representation fell below the objective standard of reasonableness and that the deficient performance affected the result of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). This two-part test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52 (1985). In all cases, a strong presumption exists that counsel's conduct falls within the wide-range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The United States Supreme Court defines "reasonable probability" as a "probability sufficient to undermine confidence in the outcome." *Id.*

When a state court has rejected an ineffective assistance of counsel claim, as it has in this case, a federal court may only grant habeas relief if the decision was contrary to, or

involved an unreasonable application of, clearly established federal law.  This Court's review of an ineffective assistance of counsel claim is therefore "doubly deferential" under AEDPA. *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003).

Here, the Amador County Superior Court considered petitioner's ineffective assistance of counsel claim and found that petitioner failed to set forth a prima facie case for relief. (*See* Dkt. 22, LD 5 at 2-3.)  While the superior court's decision relied entirely upon state case law in its analysis, both of the state court cases cited relied upon *Strickland*.  *See People v. Cox*, 53 Cal.3d 618, 656 (1991); and *In re Marquez*, 1 Cal.4th 584, 602 (1992).  Moreover, the superior court's decision is consistent with this Court's analysis of materiality and prejudice under *Brady*, which renders petitioner unable to demonstrate that he was prejudiced by defense counsel's alleged failure to investigate and discover the results of the prison disciplinary hearing.  I therefore recommend the Court find that the state courts' decisions denying petitioner's ineffective assistance of counsel claim were not contrary to or an unreasonable application of *Strickland*.  Again, petitioner's claim must be denied.

### D. Cruel and Unusual Punishment Claim

Petitioner contends that his conviction was obtained in violation of the Eighth Amendment prohibition against cruel and unusual punishment because a CDC Officer continually threatened him and his family until he pled guilty. (*See* Dkt. 1 at 6.)  In support of his claim, he asserts that the CDC Officer visited his home, threatened his family, contacted child protective services, tried to get him to provide information about another drug case in prison and subsequently filed false charges against him. (*See id.* & Dkt. 27 at 15-16.)

Respondent argues that petitioner is unable to demonstrate that the alleged verbal harassment rose to the level of a constitutional violation and that pursuing false charges does not constitute cruel and unusual punishment. (*See* Dkt. 22 at 15-16.) In addition, respondent asserts that petitioner fails to demonstrate how the decisions of the California courts were contrary to or an unreasonable application of clearly established federal law or were based upon an unreasonable determination of the facts. (*See id.*) Because there was no reasoned decision by the state courts with regard to this claim, this Court must analyze this issue independently.

The only cognizable Eighth Amendment claim in a habeas corpus petition is a challenge to a defendant's sentence on the grounds that it is grossly disproportionate to the crime. *See Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (holding that the "only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear and applicable only in the 'exceedingly rare' and 'extreme' case") (citing *Harmelin v. Michigan,* 501 U.S. 957, 1001 (1991); *Solem v. Helm,* 463 U.S. 277, 290 (1983); and *Rummel v. Estelle,* 445 U.S. 263, 272 (1980)). *See also Ramirez v. Castro,* 365 F.3d 755, 775 (9th Cir. 2004). The "cruel and unusual punishment" prohibition relates to a sentence imposed for an established criminal violation. It is not a sweeping constitutional prohibition against aggressive prosecution tactics or other allegedly improper conduct by law enforcement officers, prosecutors, or the courts. Thus, to the extent that petitioner contends the CDC Officer's threats and verbal harassment violated his Eighth Amendment right to be free from

cruel and unusual punishment, or that he subsequently brought false charges against him, such claims are not cognizable in this proceeding and must therefore be denied.VI.

CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners have recently been amended to require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. § 2254 (effective December 1, 2009).

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A judge shall grant a certificate of appealability only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). The certificate must indicate which issues satisfy this standard. *See id*. § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 474 (2000).

For the reasons set out in the discussion of the merits, above, jurists of reason would not find the result debatable. Accordingly, I recommend that the Court decline to issue a certificate of appealability. Petitioner is advised that, if this Court denies a certificate of appealability, he may not appeal that denial in this Court. Rather, he may seek a certificate from the Ninth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

## VII. CONCLUSION

For all of these reasons, I recommend the Court find petitioner entered his guilty plea knowingly and voluntarily, that the prosecution did not violate his rights under *Brady*, that he received effective assistance of counsel, and that his Eighth Amendment claim is not cognizable in this proceeding. I further recommend the Court find that the Amador County Superior Court's decision was not contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of facts. Finally, I recommend the Court decline to issue a certificate of appealability and enter an Order accepting and adopting this Report and Recommendation, denying the petition, and directing that judgment be entered dismissing this action with prejudice.

This Report and Recommendation is submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty (20) days of being served with this Report and Recommendation, any party may file written objections with this Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Either party may then respond to the other party's objections with fourteen (14) days of being served a copy of such written objections. Failure to file objections within the specified time may waive the right to appeal the District Court's Order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). A proposed Order accompanies this Report and Recommendation.

DATED this 22nd day of February, 2010.

JOHN L. WEINBERG
United States Magistrate Judge