01

02

03

04                          UNITED STATES DISTRICT COURT
                      FOR THE EASTERN DISTRICT OF CALIFORNIA

05

06   GEORGE T. McLAUGHLIN,              )
                                        )
07          Petitioner,                 )    CASE NO. 2:07-cv-00643-RSM-JLW
                                        )
08          v.                          )
                                        )
09   R. SUBIA, Warden,                  )    REPORT AND RECOMMENDATION
                                        )
10          Respondent.                 )
                                        )
11   _____)

12          I.      INTRODUCTION

13          Petitioner George McLaughlin is currently incarcerated at the California State Prison

14   in Ione, California.  Petitioner pled guilty to one count of possession of an illegal substance in

15   a state prison in Amador County Superior Court on September 15, 2005.  He was sentenced to

16   four years of incarceration, to be served consecutive to his then-current prison sentence.

17   Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in which he

18   claims his plea was not knowing and voluntary, the prosecution withheld material evidence,

19   his defense counsel was ineffective, and his conviction was obtained in violation of his Eighth

20   Amendment right to be free from cruel and unusual punishment.  (*See* Docket 1 at 5-6.)

21          Respondent has filed an answer to the petition, together with relevant portions of the

22   state court record, and petitioner has filed a reply to the answer.  (*See* Dkts. 22 and 27.)  The

REPORT AND RECOMMENDATION - 1

01 briefing is now complete and this matter is ripe for review.  The Court, having thoroughly

02 considered the record and both parties' briefs, recommends the Court deny the petition, and

03 dismiss this action with prejudice.

04      II.      FACTUAL AND PROCEDURAL HISTORY

05      The prosecutor summarized the facts of this offense during the plea and sentencing

06 hearing as follows:

> On or about April 3rd, 2004, while at Mule Creek State Prison,
> the defendant's wife was visiting him in the visiting room.  At
> that time, they kissed, and it is believed that she passed one
> bindle of marijuana to the defendant.  He produced a bowel
> movement.  There was one bundle of marijuana found with a
> weight, total gross weight 2.7 grams

11 (Dkt. 22, Lodged Document 10 at 5.)

12      Petitioner was charged with one count of bringing a controlled substance into a state

13 prison and one count of possession of an illegal substance in a state prison, both felonies.

14 (*See id.*, LD 11 at 1-2.)  He was charged with both counts while serving time for two prior

15 felony convictions.  (*See id.* at 2.)  Pursuant to a plea bargain, petitioner pled guilty to the

16 possession charge and admitted one prior "strike" under California's Three Strikes Law.  (*See*

17 *id.*, LD 3 at 1 & LD 10 at 6-7.)  The prosecutor also agreed not to prosecute petitioner's wife

18 for her role in the above offense.  (*See id.*, LD 3 at 1 & LD 10 at 5.)  Petitioner was sentenced

19 at the low end of the sentencing range -- two years, doubled, for a total of four years to be

20 served consecutively to his current sentence.  (*See id.*, LD 10 at 3.)

21      Petitioner filed a petition for writ of habeas corpus in the Amador County Superior

22 Court and the California Court of Appeal and Supreme Court.  (*See id.*, LD 1, 2, 6 & 8.)  All

01  three courts denied his claims.  (*See id.*, LD 5, 7, and 9.)  The trial court provided a reasoned

02  decision for the denial, clearly addressing a portion of petitioner's plea agreement claim and

03  his ineffective assistance of counsel claim.  (*See id.*, LD at 5.)  The appellate courts denied the

04  petition without comment.  (*See id.*, LD 7 & 9.)  Respondent admits in the answer that

05  petitioner has properly exhausted all four claims for relief.  (*See* Dkt. 22 at 2.)

06       III.     FEDERAL CLAIMS FOR RELIEF

07       Petitioner presents the following claims in his petition:

08       1.  Conviction obtained by plea of guilty which was unlawfully
       induced coerced, and not made voluntary with the

09       understanding of the charge . . . or of the intelligent nature
       of the charge;

10

11       2.  Conviction obtained by the unconstitutional [sic] of the
       prosecution to disclose to the defendant evidence favorable

12       to the defendant;

13       3.  Denial of effective assistance of counsel; and

14       4.  Conviction obtained by violation of defendant['s] right to be
       free from cruel and unusual punishment.

15  (Dkt. 1 at 5-6.)

16       Respondent asserts that the state courts' rejection of petitioner's claims was neither

17  contrary to or an unreasonable application of clearly established federal law and, in the

18  alternative, that petitioner's claims are without merit.  (*See* Dkt. 22 at 8-16.)

19       IV.     STANDARD OF REVIEW

20       The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this

21  petition as it was filed after the enactment of AEDPA.  *See Lindh v. Murphy*, 521 U.S. 320,

22  326-27 (1997).  Because petitioner is in the custody of the California Department of

01   Corrections pursuant to a state court judgment, 28 U.S.C. § 2254 provides the exclusive

02   vehicle for his habeas petition. *See White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir.

03   2004). Under AEDPA, a habeas petition may not be granted with respect to any claim

04   adjudicated on the merits in state court unless petitioner demonstrates that the highest state

05   court decision rejecting his petition was either "contrary to, or involved an unreasonable

06   application of, clearly established Federal law, as determined by the Supreme Court of the

07   United States," or "was based on an unreasonable determination of the facts in light of the

08   evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2).

09          As a threshold matter, this Court must ascertain whether relevant federal law was

10   "clearly established" at the time of the state court's decision. To make this determination, the

11   Court may only consider the holdings, as opposed to dicta, of the United States Supreme

12   Court. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000). It is also appropriate to look to

13   lower federal court decisions to determine what law has been "clearly established" by the

14   Supreme Court and the reasonableness of a particular application of that law. *See Duhaime v.*

15   *Ducharme*, 200 F.3d 597, 598 (9th Cir. 1999). In this context, Ninth Circuit precedent

16   remains persuasive but not binding authority. *See Williams*, 529 U.S. at 412-13; *Clark v.*

17   *Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

18          The Court must then determine whether the state court's decision was "contrary to, or

19   involved an unreasonable application of, clearly established Federal law." *See Lockyer v.*

20   *Andrade*, 538 U.S. 63, 71 (2003). "Under the 'contrary to' clause, a federal habeas court may

21   grant the writ if the state court arrives at a conclusion opposite to that reached by [the

22   Supreme] Court on a question of law or if the state court decides a case differently than [the]

01 Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13.

02 "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the

03 state court identifies the correct governing legal principle from [the] Court's decisions but

04 unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  At all

05 times, a federal habeas court must keep in mind that it "may not issue the writ simply because

06 [it] concludes in its independent judgment that the relevant state-court decision applied clearly

07 established federal law erroneously or incorrectly.  Rather that application must also be

08 [objectively] unreasonable." *Id.* at 411.

09        In each case, the petitioner has the burden of establishing that the state court decision

10 was contrary to, or involved an unreasonable application of, clearly established federal law.

11 *See* 28 U.S.C. § 2254; *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).  To determine

12 whether the petitioner has met this burden, a federal habeas court normally looks to the last

13 reasoned state court decision, which in this case is the Amador County Superior Court

14 decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Medley v. Runnels*, 506 F.3d

15 857, 862 (9th Cir. 2007).  (*See* Dkt. 22, LD 5.)

16        Finally, AEDPA requires federal courts to give considerable deference to state court

17 decisions, and state courts' factual findings are presumed correct. *See* 28 U.S.C. § 2254(e)(1).

18 Federal courts are also bound by a state's interpretation of its own laws. *See Murtishaw v.*

19 *Woodford*, 255 F.3d 926, 964 (9th Cir. 2001) (citing *Powell v. Ducharme,* 998 F.2d 710, 713

20 (9th Cir. 1993)).

21        When a state court reaches a decision on the merits but provides no reasoning to

22 support its conclusion, we must independently review the record to determine whether the

01 state court erred in its application of Supreme Court law. *Delgado v. Lewis,* 223 F.3d 976,

02 982 (9th Cir. 2000). *See also Greene v. Lambert,* 288 F.3d 1081, 1089 (9th Cir. 2002)

03 (holding that when there is an adjudication on the merits but no reason for the decision, the

04 court must review the complete record to determine whether resolution of the case constitutes

05 an unreasonable application of clearly established federal law).  Thus, while our review of the

06 record will be conducted independently in this case with regard to two of petitioner's four

07 claims, we continue to show deference to the state court's ultimate decision. *See Pirtle v.*

08 *Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

09         V.      DISCUSSION

10              A.      Unknowing and Involuntary Guilty Plea Claim

11         Petitioner claims his plea was not made knowingly or voluntarily.  (*See* Dkt. 1 at 5.)

12 Specifically, he asserts that he would not have pled guilty if he had known the results of his

13 prior California Department of Corrections ("CDC") disciplinary hearing in which he was

14 found "not guilty" of an illegal drug possession violation while in prison.  (*See id.*)  In

15 addition, he contends that his plea was involuntary because a CDC Officer continually

16 harassed and threatened him and his family, which forced him to plead guilty in the criminal

17 prosecution.  (*See id.*)

18         Respondent contends petitioner has failed to demonstrate how his plea was

19 unintelligent or involuntary and, thus, fails to show how the decision of the California courts

20 was contrary to or an unreasonable application of clearly established federal law, or based on

21 an unreasonable determination of the facts.  (*See* Dkt. 22 at 8-10.)

22

REPORT AND RECOMMENDATION - 6

01          Federal due process requires that a defendant's guilty plea be both knowing and

02   voluntary.  *Brady v. United States*, 397 U.S. 742, 747-48 (1970).  In general, a defendant's

03   admission in open court is accorded a strong presumption of verity that the defendant's plea

04   was made in accordance with due process.  *Id.*  Reviewing courts must therefore give great

05   weight to a defendant's in-court declarations, as demonstrated by the plea colloquy transcript,

06   when determining whether a guilty plea was intelligent and voluntary.  *See Blackledge v.*

07   *Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and

08   the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting

09   the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn

10   declarations in open court carry a strong presumption of verity.")

11          A review of the transcript of the plea hearing establishes that petitioner knew the

12   nature of the charge to which he pleaded guilty, knew the constitutional rights he was

13   waiving, and knew the sentence he would receive.  (*See* Dkt. 22, LD 10.)  Moreover,

14   petitioner read, acknowledged, and signed a comprehensive "Felony Waiver & Plea Form,"

15   verifying the same.  (*See id.* at 3 & LD 11 at 5-14.)  Thus, based on the superior court's

16   record, there is no evidence that petitioner's plea was either unknowing or involuntary.

17          Petitioner contends, however, that if he had been informed of the results of his prison

18   disciplinary hearing before his criminal proceeding he would not have pled guilty.[1]  Nothing

19   _____

20          [1]  Respondent also claims that petitioner was aware of the results of the prior disciplinary
     proceeding when he entered his guilty plea. (*See* Dkt. 22 at 10.)  He does so because petitioner wrote
     in his federal habeas petition that he "could not understand the charges as he was already adjudged not

21   guilty fourteen months prior." (Dkt. 1 at 5.)  This statement is subject to several interpretations and
     respondent's version is inconsistent with petitioner's state and federal court briefings.  I therefore

22   recommend this Court conclude that this statement in petitioner's brief does not compel the conclusion
     that petitioner was aware of the results of the prison disciplinary hearing when he pled guilty in the
     state prosecution.

REPORT AND RECOMMENDATION - 7

01   in the record supports this contention.  First, petitioner does not claim nor does he present any

02   evidence that he was actually innocent of these charges; and, in fact, one document in the

03   records suggests petitioner admitted to a state investigator that he possessed the marijuana and

04   wanted to plead so that his wife would not be implicated.  (*See* Dkt. 27, Exh. L at 2.)  Second,

05   petitioner does not claim he was falsely informed that the prison disciplinary hearing found

06   him "guilty."  Instead, he simply claims not to have known the results.  Third, even if

07   petitioner had known the results of that hearing, there is no reasonable probability that he

08   would have plead "not guilty" and proceeded to trial.  Petitioner had two prior felony

09   convictions on his record and was charged with two more.  By accepting the plea offer,

10   petitioner only received two strikes (one for possessing illegal drugs in state prison and one

11   for his prior first degree burglary conviction), instead of four, thereby avoiding a life sentence

12   under California's Three Strikes Law.  (*See* Dkt. 22, LD 10 at 3, 5 & 7.)  He was also

13   sentenced at the low end of the sentencing range, and his wife was not prosecuted.  (*See id*.)

14          Finally, under California law, the prison disciplinary hearing did not carry any legal

15   weight in the subsequent state court proceeding.  As the Amador Superior Court explained,

16   prison disciplinary proceedings do not bar subsequent criminal prosecutions.  *See People v.*

17   *O'Daniel*, 194 Cal.App.3d 715, 721 (1987) ("[P]rison disciplinary measures are no bar to a

18   subsequent prosecution for violation of a penal statute prohibiting the same act which was the

19   basis of the prison discipline.").  (*See* Dkt. 22, LD at 2.)  Because prison disciplinary hearings

20   are held by prison officials, not judicial officers, and designed to allow officers to act quickly

21   when confronted with possible rule violations, they are not legally equivalent to subsequent

22   state prosecutions.  *See id.* at 721.  Because the outcome of a prison disciplinary hearing has

REPORT AND RECOMMENDATION - 8

01  no binding effect on a subsequent criminal prosecution, petitioner's contention that his

02  criminal prosecution should have been collaterally estopped also fails.  (*See* Dkt. 27 at 10.)

03       In sum, petitioner is unable to overcome the "formidable" presumption that he entered

04  his plea with full knowledge of the nature and consequences of his decision.  Based upon the

05  record, even if petitioner had known the results of the prison disciplinary hearing, it is

06  unreasonable to think he would have entered a different plea.

07       The second portion of petitioner's challenge to his guilty plea asserts that his plea was

08  involuntary because it was coerced by a CDC Officer's harassing and threatening behavior.

09  (*See* Dkt. 1 at 5.)  If a plea is actually "induced by promises or threats which deprive it of the

10  nature of a voluntary act" it will be deemed void.  *Machibroda v. United States*, 368 U.S. 487,

11  493 (1972).  *See also Brady*, 397 U.S. at 750 ("[T]he agents of the state may not produce a

12  plea by actual or threatened physical harm or by mental coercion overbearing the will of the

13  defendant.")  To determine whether a plea was entered voluntarily, this Court must look at the

14  totality of the circumstances.  *See Brady*, 397 U.S. at 749; *Iaea v. Sunn*, 800 F.2d 861, 866-68

15  (9th Cir. 1986).

16       In this case, petitioner contends the CDC Officer appeared at his family's home when

17  petitioner's wife was under investigation and threatened petitioner so that he would become a

18  prison informant in another prison drug case.  (*See* Dkt. 27 at 6.)  These allegations, without

19  more, do not rise to the level required to invalidate a guilty plea under *Brady*.  Although the

20  Amador County Superior Court did not address this specific portion of petitioner's claim,

21  after independently examining the record, I recommend this Court find that petitioner fails to

22  show how the CDC Officer's behavior overcame petitioner's will.  (*See* Dkt. 22, LD 5 at 1-2.)

01          Accordingly, I recommend the Court conclude based upon the totality of the

02   circumstances that petitioner fails to overcome the "formidable" presumption of verity

03   accorded to plea proceedings, that the Amador County Superior Court's decision denying the

04   "collateral estoppel" portion of petitioner's claim was correct, and that the state courts'

05   decision denying petitioner's plea agreement claim was neither contrary to nor an

06   unreasonable application of clearly established Supreme Court precedent under *Brady*.

07   Because petitioner fails to satisfy his burden of showing he is entitled to the issuance of the

08   writ as to this claim, his claim must be denied.  *See Silva v. Woodford*, 279 F.3d 825, 835 (9th

09   Cir. 2002) (petitioner's burden to show he is in custody in violation of the Constitution).

10          B.      Brady Violation Claim

11          Petitioner claims that his conviction was unconstitutional because the prosecution

12   failed to disclose favorable evidence that, if shown, would have established his innocence and

13   convinced him not to enter a guilty plea. (*See* Dkt. 1 at 5 and Dkt. 27 at 8-12.)  Specifically,

14   petitioner claims he was not told the result of his prison disciplinary hearing.  Respondent

15   argues that petitioner presented this claim to the state courts, which denied his claim, and that

16   petitioner fails to show that the decision of the California courts was contrary to or an

17   unreasonable application of clearly established federal law, or based on an unreasonable

18   determination of the facts.  (*See* Dkt. 22 at 10-12.)

19          As a general rule, a defendant who voluntarily and intelligently pleads guilty to a

20   criminal charge may not subsequently seek federal habeas corpus relief on the basis of pre-

21   plea constitutional violations; he may only attack the voluntary and intelligent character of the

22   plea. *Moran v. Godinez*, 40 F.3d 1567, 1577 (9th Cir. 1994).  In this case, however,

REPORT AND RECOMMENDATION - 10

01  petitioner's *Brady* claim challenges his plea, thus the alleged "antecedent constitutional

02  infirmity" should be considered.  *See Ortberg v. Moody*, 961 F.2d 135, 137 (9th Cir. 1992)

03  (quoting *Tollett v. Henderson*, 411 U.S. 258, 266 (1973)).

04         A criminal defendant's due process rights are violated when a prosecutor fails to

05  disclose exculpatory or material evidence to the accused before trial.  *Brady*, 373 U.S. at 87.

06  Since *Brady*, the Supreme Court has held that this duty applies even when the accused has not

07  requested such information.  *See United States v. Agurs,* 427 U.S. 97, 107 (1976).  To

08  determine whether the prosecution committed a *Brady* violation, we must consider whether

09  the suppressed evidence was: (1) favorable to the accused, (2) suppressed by the government,

10  either willfully or inadvertently, and (3) "material to the guilt or innocence of the defendant."

11  *United States v. Jernigan*, 492 F.3d 1050, 1053 (9th Cir. 2007) (*en banc*); *Strickler v. Greene,*

12  527 U.S. 263, 281-82 (1999).  A *Brady* violation is material when "there is a reasonable

13  probability that, had the evidence been disclosed to the defense, the result of the proceeding

14  would have been different.  A 'reasonable probability' is a probability sufficient to undermine

15  confidence in the outcome."  *Brady,* 373 U.S. at 682.  *See also Harris v. Vasquez,* 949 F.2d

16  1497, 1528 (9th Cir. 1990).

17         Even assuming that the result of the prison disciplinary hearing was withheld by the

18  prosecution, petitioner cannot demonstrate that this information was favorable to him or that it

19  was material.  As discussed above, the results of the prison disciplinary hearing had no

20  bearing on the subsequent criminal prosecution.  (*See* Dkt. 22, LD 5 at 2.)  Moreover, there

21  was no reasonable probability that had such evidence been presented, petitioner would have

22  pled "not guilty."  Accordingly, I recommend the Court find that the California courts'

01  decisions were neither contrary to nor involved an unreasonable application of clearly

02  established federal law, nor were they based upon an unreasonable determination of the facts.

03  Petitioner's claim should therefore be denied.

04          C.      Ineffective Assistance of Counsel Claim

05          Petitioner claims his defense counsel was ineffective when she failed to discover the

06  alleged *Brady* material.  (*See* Dkt. 1 at 6.)  Respondent contends petitioner fails to show that

07  the decision of the California courts denying this claim was contrary to or involved an

08  unreasonable application of clearly established federal law, or was based on an unreasonable

09  determination of the facts.  (*See* Dkt. 22 at 12-14.)

10          In order to establish ineffective assistance of counsel, petitioner must demonstrate that

11  counsel's representation fell below the objective standard of reasonableness and that the

12  deficient performance affected the result of the proceeding.  *Strickland v. Washington*, 466

13  U.S. 668, 687-88 (1984).  This two-part test "applies to challenges to guilty pleas based on

14  ineffective assistance of counsel."  *Hill v. Lockhart*, 474 U.S. 52 (1985).  In all cases, a strong

15  presumption exists that counsel's conduct falls within the wide-range of reasonable

16  professional assistance.  *Strickland*, 466 U.S. at 689.  To demonstrate prejudice, "[t]he

17  defendant must show that there is a reasonable probability that, but for counsel's

18  unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

19  The United States Supreme Court defines "reasonable probability" as a "probability sufficient

20  to undermine confidence in the outcome."  *Id.*

21          When a state court has rejected an ineffective assistance of counsel claim, as it has in

22  this case, a federal court may only grant habeas relief if the decision was contrary to, or

REPORT AND RECOMMENDATION - 12

01   involved an unreasonable application of, clearly established federal law.  This Court's review

02   of an ineffective assistance of counsel claim is therefore "doubly deferential" under AEDPA.

03   *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003).

04        Here, the Amador County Superior Court considered petitioner's ineffective assistance

05   of counsel claim and found that petitioner failed to set forth a prima facie case for relief.  (*See*

06   Dkt. 22, LD 5 at 2-3.)  While the superior court's decision relied entirely upon state case law

07   in its analysis, both of the state court cases cited relied upon *Strickland*.  *See People v. Cox*,

08   53 Cal.3d 618, 656 (1991); and *In re Marquez*, 1 Cal.4th 584, 602 (1992).  Moreover, the

09   superior court's decision is consistent with this Court's analysis of materiality and prejudice

10   under *Brady*, which renders petitioner unable to demonstrate that he was prejudiced by

11   defense counsel's alleged failure to investigate and discover the results of the prison

12   disciplinary hearing.  I therefore recommend the Court find that the state courts' decisions

13   denying petitioner's ineffective assistance of counsel claim were not contrary to or an

14   unreasonable application of *Strickland*.  Again, petitioner's claim must be denied.

15        D.    Cruel and Unusual Punishment Claim

16        Petitioner contends that his conviction was obtained in violation of the Eighth

17   Amendment prohibition against cruel and unusual punishment because a CDC Officer

18   continually threatened him and his family until he pled guilty.  (*See* Dkt. 1 at 6.)  In support of

19   his claim, he asserts that the CDC Officer visited his home, threatened his family, contacted

20   child protective services, tried to get him to provide information about another drug case in

21   prison and subsequently filed false charges against him.  (*See id.* & Dkt. 27 at 15-16.)

22

01          Respondent argues that petitioner is unable to demonstrate that the alleged verbal

02    harassment rose to the level of a constitutional violation and that pursuing false charges does

03    not constitute cruel and unusual punishment.  (*See* Dkt. 22 at 15-16.)  In addition, respondent

04    asserts that petitioner fails to demonstrate how the decisions of the California courts were

05    contrary to or an unreasonable application of clearly established federal law or were based

06    upon an unreasonable determination of the facts.  (*See id.*)  Because there was no reasoned

07    decision by the state courts with regard to this claim, this Court must analyze this issue

08    independently.

09          The only cognizable Eighth Amendment claim in a habeas corpus petition is a

10    challenge to a defendant's sentence on the grounds that it is grossly disproportionate to the

11    crime.  *See Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (holding that the "only relevant

12    clearly established law amenable to the 'contrary to' or 'unreasonable application of'

13    framework is the gross disproportionality principle, the precise contours of which are unclear

14    and applicable only in the 'exceedingly rare' and 'extreme' case") (citing *Harmelin v.*

15    *Michigan,* 501 U.S. 957, 1001 (1991); *Solem v. Helm,* 463 U.S. 277, 290 (1983); and *Rummel*

16    *v. Estelle,* 445 U.S. 263, 272 (1980)). *See also Ramirez v. Castro,* 365 F.3d 755, 775 (9th Cir.

17    2004).  The "cruel and unusual punishment" prohibition relates to a sentence imposed for an

18    established criminal violation.  It is not a sweeping constitutional prohibition against

19    aggressive prosecution tactics or other allegedly improper conduct by law enforcement

20    officers, prosecutors, or the courts.  Thus, to the extent that petitioner contends the CDC

21    Officer's threats and verbal harassment violated his Eighth Amendment right to be free from

22

01   cruel and unusual punishment, or that he subsequently brought false charges against him, such

02   claims are not cognizable in this proceeding and must therefore be denied.VI.

03          CERTIFICATE OF APPEALABILITY

04          The federal rules governing habeas cases brought by state prisoners have recently been

05   amended to require a district court that denies a habeas petition to grant or deny a certificate

06   of appealability in the ruling.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C.

07   § 2254 (effective December 1, 2009).

08          A petitioner seeking post-conviction relief under § 2254 may appeal a district court's

09   dismissal of his federal habeas petition only after obtaining a certificate of appealability from

10   a district or circuit judge.  A judge shall grant a certificate of appealability only where a

11   petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28

12   U.S.C. § 2253(c)(3).  The certificate must indicate which issues satisfy this standard.  *See id*.

13   § 2253(c)(3).  "Where a district court has rejected the constitutional claims on the merits, the

14   showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that

15   reasonable jurists would find the district court's assessment of the constitutional claims

16   debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 474 (2000).

17          For the reasons set out in the discussion of the merits, above, jurists of reason would

18   not find the result debatable.  Accordingly, I recommend that the Court decline to issue a

19   certificate of appealability.  Petitioner is advised that, if this Court denies a certificate of

20   appealability, he may not appeal that denial in this Court.  Rather, he may seek a certificate

21   from the Ninth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate

22   Procedure.

REPORT AND RECOMMENDATION - 15

01        VII.    CONCLUSION

02            For all of these reasons, I recommend the Court find petitioner entered his guilty plea

03    knowingly and voluntarily, that the prosecution did not violate his rights under *Brady*, that he

04    received effective assistance of counsel, and that his Eighth Amendment claim is not

05    cognizable in this proceeding.  I further recommend the Court find that the Amador County

06    Superior Court's decision was not contrary to, or an unreasonable application of, clearly

07    established federal law, or based on an unreasonable determination of facts.  Finally, I

08    recommend the Court decline to issue a certificate of appealability and enter an Order

09    accepting and adopting this Report and Recommendation, denying the petition, and directing

10    that judgment be entered dismissing this action with prejudice.

11            This Report and Recommendation is submitted to the United States District Judge

12    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty (20)

13    days of being served with this Report and Recommendation, any party may file written

14    objections with this Court and serve a copy on all parties.  Such a document should be

15    captioned "Objections to Magistrate Judge's Report and Recommendation."  Either party may

16    then respond to the other party's objections with fourteen (14) days of being served a copy of

17    such written objections.  Failure to file objections within the specified time may waive the

18    right to appeal the District Court's Order.  *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

19    1991).  A proposed Order accompanies this Report and Recommendation.

20            DATED this 22nd day of February, 2010.

21

22                                                        JOHN L. WEINBERG
                                                          United States Magistrate Judge

REPORT AND RECOMMENDATION - 16